J-S14016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.T., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 15 WDA 2023 |

Appeal from the Order Entered November 30, 2022
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000138-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED: MAY 23, 2023**

     B.T. (Mother) appeals from the order entered on November 30, 2022, that granted the petition filed by the Allegheny County Office of Children, Youth and Families (CYF) to involuntarily terminate Mother's parental rights to A.P. (Child), born in November of 2019, pursuant to Sections 2511(a)(2), (8) and (b) of the Adoption Act, 23 Pa.C.S. §§ 2101-2938.[1]  After review, we affirm.

     In her brief, Mother sets forth the following issue for our review:

1. Did the trial court abuse its discretion and/or err as a matter of law in concluding that CYF met its burden of proving by clear and convincing evidence that termination of Mother's parental

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] R.P.'s (Father) and an Unknown Father's parental rights to Child were also terminated at the same time that Mother's rights were terminated.  Neither Father nor an Unknown Father appealed from the trial court's order and are not parties to this appeal.

rights would best serve the needs and welfare of the [C]hild pursuant to 23 Pa.C.S. § 2511(b)?

Mother's brief at 6.

387, 394 (Pa. Super. 2003).

We review an order terminating parental rights in accordance with the following standard:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (quoting *In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005)). The burden is upon the petitioner to prove by clear and convincing evidence that its asserted grounds for seeking the termination of parental rights are valid. *Id.* Moreover, we have explained that:

> The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id.* (quoting *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If

competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. ***In re Adoption of T.B.B.***, 835 A.2d

We have reviewed the certified record, the briefs of the parties, the applicable law, and the comprehensive opinion authored by the Honorable Eleanor L. Bush of the Court of Common Pleas of Allegheny County, Orphans' Court Division, dated January 25, 2023. Initially, we note that Judge Bush provided an extensive recitation of the history of this case, the applicable standard of review and relevant caselaw, and an analysis of the issue raised by Mother, including the facts relied upon that support the factual basis for the decision. We conclude that Judge Bush's well-reasoned opinion properly disposes of the issue raised by Mother.

Of particular note, the trial court's opinion discusses the testimony provided at the termination hearing by Dr. Beth Bliss, the expert evaluator, and a number of caseworkers who were involved with this matter over the three-year period since Child's birth. Moreover, the trial court indicated that, while Mother's substance abuse and mental health problems continued, Child was thriving in her foster home. Essentially, Mother's arguments appear to center on the court's credibility determinations, in that her discussion of the facts is contrary to that set forth by the trial court. Our standard of review prohibits this Court from overturning the trial court's credibility determinations so long as its findings are supported by the evidence of record. ***See In re M.G.***, 855 A.2d at 73-74 (stating that the trial court is free to believe all, part,

or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence). In this case, the court's credibility determinations are supported by an overwhelming majority of the evidence. Accordingly, we adopt Judge Bush's opinion as our own and affirm the order appealed from on that basis.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023